**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **PATRICIA "KAY" WHATLEY** | **CIVIL ACTION NO. 1:21-CV-01185** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **JEROME HOPEWELL; STEVE BOETA; HARRY ROBERTSON; CHRIS PRUITT; ALEXANDRIA CITY MARSHAL'S OFFICE; DOES 1-10; and XYZ INSURANCE COMPANY** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

This memorandum is respectfully submitted by defendants, Jerome Hopewell ("Marshal Hopewell"), Steve Boeta ("Boeta"), Harry Robertson ("Robertson"), Chris Pruitt ("Pruitt"), and Alexandria City Marshal's Office (incorrectly named as an entity capable of being sued) (collectively, "Defendants"), in support of their Motion for Partial Summary Judgment.

**I.    INTRODUCTION**

This suit arises out of plaintiff, Patricia "Kay" Whatley's ("Whatley"), former employment with the Alexandria City Marshal, Marshal Hopewell. Whatley brings various federal and state law claims against Marshal Hopewell; the Alexandria City Marshal's Office; and three co-workers, Boeta, Robertson, and Pruitt.

As set forth below, Defendants are entitled to summary judgment dismissal of Whatley's: (1) claims against the Alexandria City Marshal's Office, (2) Title VII claims against Boeta, Robertson, and Pruitt, (3) Title VII individual-capacity claims against Marshal Hopewell, (4) claims

1

against Boeta, Robertson, and Pruitt under the Americans with Disabilities Act ("ADA"), (5) ADA individual-capacity claims against Marshal Hopewell, (6) state-law claims for breach of the implied covenant of good faith and fair dealing, (7) state-law claims for assault and battery and intentional infliction of emotional distress, and (8) state-law whistleblower claims under La. R.S. 23:967 and La. R.S. 42:1169.

## II.  ALLEGATIONS IN THE COMPLAINT

Whatley was employed by Marshal Hopewell as a deputy marshal. (Doc. 1, Complaint, ¶ 1). According to Whatley, throughout her employment, she was subjected to a pattern of sexual harassment. (*Id.* at ¶ 2). Additionally, Whatley was reportedly discriminated and retaliated against following an on-the-job knee injury in 2017. (*Id.* at ¶¶ 3, 5, 7).

Whatley brings claims for: (1) Title VII discrimination, (2) Title VII retaliation, (3) ADA discrimination, (4) ADA retaliation, (5) violations of the Louisiana Employment Discrimination Law, (6) assault and battery under Louisiana law, (7) intentional infliction of emotional distress under Louisiana law, (8) breach of Louisiana's Whistleblower Protection Law, and (9) breach of the implied covenant of good faith and fair dealing under Louisiana law. (*See id.* at ¶¶ 148-233).

She names as defendants the Alexandria City Marshal's Office, and Marshal Hopewell, Boeta, Robertson, and Pruitt, in their individual and official capacities.[1] (*Id.* at ¶¶ 15-19).

## III.  LAW AND ANALYSIS

### A.  Summary Judgment Standard

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute

---

[1] Whatley also identifies as defendants "Does 1-10" and "XYZ Insurance Companies 1-10." (Doc. 1, Complaint, ¶¶ 20-21).

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and "mandates the entry of summary judgment" for the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has shown the absence of evidence to support the non-moving party's claims, the nonmovant must come forward with specific facts showing a genuine factual issue for trial. *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to preclude summary judgment; instead, "there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1995).

      **B.**     **Claims against the Alexandria City Marshal's Office**

The Alexandria City Marshal's Office is not a juridical entity capable of being sued. *See Harvey v. City of Shreveport*, No. 13-2970, 2014 WL 5856914, at *3 (W.D. La. Nov. 4, 2014). A marshal is an elected official, whose duties place him within the structure of a city court. La. R.S. 13:1879. The City Court of Alexandria was "created and established by special legislative Act," and "recognized and continued in existence" pursuant to La. R.S. 13:1952(2). Pursuant to La. R.S. 13:1881(A), the Alexandria City Marshal is the "executive officer" of the Alexandria City Court. A city marshal has the "same powers and authority of a sheriff." La. R.S. 13:1881(A).

It has long been recognized that a Louisiana "sheriff's office" or "sheriff's department" is not a legal entity capable of being sued. *See, e.g., Cozzo v. Tangipahoa Par. Council President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002); *Delta Fuel Co., Inc. v. Maxwell*, 485 F. App'x 685, 686-87 (5th Cir. 2012) (*citing Valentine v. Bonneville Ins. Co.*, 96-1382 (La. 3/17/97), 691 So. 2d 665, 668).

Instead, the sheriff himself is the proper party to be sued. *Cozzo*, 279 F.3d at 283.

In *Harvey*, the court concluded the same was likely true of a "City Marshal's Office." 2014 WL 5856914, at *3. In dismissing a claim against the "City of Shreveport/City Marshal's Office," the court explained: "More importantly, it is unlikely that the City Marshal's Office is a legal entity capable of being sued. Analogous cases are the many that have explained that it is the sheriff, not a sheriff's office or sheriff's department, that is the proper legal entity for suit." *Id.*

Here, Whatley has sued both the Alexandria City Marshal's Office and Marshal Hopewell. The Alexandria City Marshal's Office is not capable of being sued and, therefore, Whatley's claims against it should be dismissed, with prejudice.

### C.    Title VII Claims

All of Whatley's Title VII claims against Boeta, Robertson, and Pruitt should be dismissed. Whatley's Title VII individual-capacity claims against Marshal Hopewell should also be dismissed.

The Fifth Circuit has made clear: "Individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat. Commc'ns., Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003). In *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-449 (5th Cir. 2002), the court explained:

> Under Title VII, an "employer" includes any "person engaged in an industry affecting commerce . . . and any agent of such a person." 42 U.S.C. § 2000e(b). **This circuit has held that there is no individual liability for employees under Title VII** . . . While Title VII's definition of the term employer includes "any agent" of an employer, Congress's purpose was merely to import *respondeat superior* liability into Title VII . . . **Further, a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity.**

(internal citations and quotations omitted) (emphasis added).

Here, Whatley alleges she, and the other individual defendants, were employed by the "Alexandria City Marshal's Office." (Doc. 1, Complaint, ¶ 3). Whatley acknowledges Boeta,

4

Robertson, and Pruitt are her former co-employees, not her employer. (*Id.* at p.1; ¶¶ 15, 17-19). Thus, the individual and official capacity claims against Boeta, Robertson, and Pruitt under Title VII should be dismissed, with prejudice, as they cannot be held liable under Title VII. *See also Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees*, 709 F. App'x 243, 247 (5th Cir. 2017) (affirming district court's dismissal of Title VII claims against individual defendants).

Additionally, this Court should dismiss the Title VII individual-capacity claims against Marshal Hopewell. As discussed above, Marshal Hopewell, in his official capacity, was Whatley's employer. Thus, Marshal Hopewell, in his official capacity, is a proper defendant under Title VII. Marshal Hopewell cannot, however, be held personally liable under Title VII. *See Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 465 n. 6 (5th Cir. 2001) (sheriff cannot be personally liable under Title VII for the performance of wrongful acts in his official capacity); *Smith v. Par. of Washington*, 318 F. Supp. 2d 366, 379 (E.D. La. 2004) (holding same). Thus, the individual-capacity claims against Marshal Hopewell should be dismissed.

    **D.**    **ADA Claims**

All ADA claims against Boeta, Robertson, and Pruitt should be dismissed with prejudice because they cannot be held liable for any alleged violation of the ADA. Further, Whatley's individual-capacity claims against Marshal Hopewell arising under the ADA should be dismissed.

"[T]his Court has recognized that there is no individual liability under the ADA." *Wilhelm v. City of Alexandria*, No. 1:18-cv-01328, 2020 WL 1061973, at *1 n.3 (W.D. La. Feb. 7, 2020), *adopted by* 2020 WL 1068167 (Mar. 4, 2020); *see also Traylor v. S. Components, Inc.*, No. 18-cv-0775, 2019 WL 3526358, at *3 (W.D. La. Aug. 1, 2019). Thus, Marshal Hopewell, Boeta, Robertson, and Pruitt cannot be held individually liable under the ADA, and such claims should be

5

dismissed with prejudice.

Additionally, "[t]he Fifth Circuit has . . . suggested that [official-capacity] claims are not cognizable under the ADA." *Coon v. Richland Par. Tax Comm'n*, No. 18-1035, 2019 WL 2403000, at *8 (W.D. La. June 4, 2019) (*citing Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413, 420 n. 5 (5th Cir. 2017)). Thus, to the extent Whatley seeks to recover against Boeta, Robertson, and Pruitt, in their official capacities under the ADA, such claims should be dismissed with prejudice.

### E. <u>Claims for Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

Whatley alleges "[t]here is an implied covenant of good faith and fair dealing in every contract in Louisiana" and "Defendants failed to engage in good faith and fair dealing in regard to [her] employment contract by forcing her to resign." (Doc. 1, Complaint, ¶¶ 230). Whatley's claim fails because she was an at-will employee.

Recently, in *Tedesco v. Pearson Educ., Inc.*, No. 21-199, 2021 WL 2291148, at *12 (E.D. La. June 4, 2021), the court rejected an at-will employee's claim for breach of Louisiana's implied covenant of good faith and fair dealing. The court explained:

> If the employment contract is an at-will agreement, an employee's termination need not be accurate, fair, or reasonable, and there does not have to be any reason at all for termination . . . And [t]he duty to perform the at-will compensation agreement in good faith cannot be used to significantly alter the contract by requiring more than the terms of the agreement . . . Accordingly [the employer] could fire [the employee] for any reason, good or bad, and not breach the at-will employment contract . . . **[Therefore,] where an employment contract allows for at-will termination, and termination for no (or even an impermissible) cause does not constitute breach, there is no claim for breach of the implied covenant of good faith.**

(internal citations, quotations, and alterations omitted) (emphasis added).

Here, Whatley never alleges she was anything other than an at-will employee. Accordingly, as set forth in *Tedesco*, Whatley does not have a claim for breach of the implied covenant of good faith and fair dealing.[2]

### F. Claims for Assault and Battery and Intentional Infliction of Emotional Distress

Whatley brings tort claims under Louisiana law for assault and battery, and intentional infliction of emotional distress. Such claims are prescribed.

Claims for assault and battery and intentional infliction of emotional distress are subject to Louisiana's one-year prescriptive period for delictual actions. La. C.C. art. 3492; *Hoover v. SOS Staffing Servs., Inc.*, 584 F. App'x 190, 191 (5th Cir. 2014) (recognizing one-year period for intentional infliction of emotional distress claim); *Clark v. Auger Servs., Inc.*, 443 F. Supp. 3d 685, 712 (M.D. La. 2020) (one-year prescriptive period applicable to claims for assault and battery and intentional infliction of emotional distress).

Whatley alleges she resigned on February 4, 2020. (Doc. 1, Complaint, ¶ 144). Whatley filed suit on May 4, 2021 – over one year after the alleged date of her resignation. (Doc. 1, Complaint). Whatley's claims for assault and battery and intentional infliction of emotional distress all arise out of conduct that allegedly occurred prior to her resignation. Thus, all relevant conduct occurred more than one year before Whatley filed suit; and, therefore, Whatley's claims for assault and battery and intentional infliction of emotional distress are prescribed and should be dismissed,

---

[2] In the alternative, Whatley's claim for breach of the implied covenant of good faith and fair dealing brought against Boeta, Robertson, Pruitt should be dismissed because none of these individuals had an employment relationship with Whatley. Additionally, to the extent such claim is brought against Marshal Hopewell in his individual capacity, the claim should be dismissed because Marshal Hopewell did not have an employment relationship with Whatley in his individual capacity. *See Ledet v. Campo*, 12-1193 (La. App. 3 Cir. 3/6/13), 128 So. 3d 1034, 1040.

with prejudice.

### G. Whistleblower Claims under La. R.S. 23:967

Whatley's "whistleblower" claims under La. R.S. 23:967 are prescribed. Claims brought under La. R.S. 23:967 are subject to a one-year prescriptive period. *Nolan v. Jefferson Par. Hosp. Serv. Dist. No. 2*, 01-175 (La. App. 5 Cir. 6/27/01), 790 So. 2d 725, 733. "[P]rescription commences to run from the day injury or damage is sustained." La. C.C. art. 3492. Importantly, "[p]rescription for retaliation claims under La. R.S. 23:967 **is not suspended** during administrative review or investigation." *Clark*, 443 F. Supp. 3d at 712 (collecting cases) (emphasis added); *Riley v. Novasad*, No. 6:18-cv-1123, 2020 WL 2858532, at *4 (W.D. La. May 12, 2020), *adopted by* 2020 WL 2892187 (W.D. La. June 2, 2020).

Again, Whatley alleges she resigned on February 4, 2020. (Doc. 1, Complaint, ¶ 144). Thus, the last possible date of alleged retaliation that can be gleaned from the Complaint is February 4, 2020. Whatley filed suit on May 4, 2021 – over one year after the alleged date of her resignation. (Doc. 1, Complaint). Thus, Whatley's claims under La. R.S. 23:967 are prescribed and should be dismissed, with prejudice.

### H. Claims Arising Under La. R.S. 42:1169

To the extent Whatley seeks to recover under La. R.S. 42:1169, any such claims should be dismissed. (See Doc. 1, Complaint, ¶ 226). La. R.S. 42:1169 contains a provision of the Louisiana Code of Governmental Ethics ("Ethics Code"), which protects public employees who report violations of the Ethics Code. The allegations in Whatley's complaint do not show the provisions of La. R.S. 42:1169 are applicable to her claims. Regardless, though, "Section 42:1169 does not provide a private right of action . . . in either state or federal court." *Wilson v. Tregre*, 787 F.3d 322,

8

328 (5th Cir. 2015) (*citing Collins v. State ex rel. Dep't of Nat. Resources*, 12-1031 (La. App. 1 Cir. 5/30/13), 118 So. 3d 43, 48)).  Accordingly, Whatley does not have a right of action under La. R.S. 42:1169 and any claim arising under that statute should be dismissed, with prejudice.

## IV. CONCLUSION

For the reasons set forth above, Defendants are entitled to summary judgment dismissal of Whatley's: (1) claims against the Alexandria City Marshal's Office, (2) Title VII claims against Boeta, Robertson, and Pruitt, (3) Title VII individual-capacity claims against Marshal Hopewell, (4) ADA claims against Boeta, Robertson, and Pruitt, (5) ADA individual-capacity claims against Marshal Hopewell, (6) state-law claims for breach of the implied covenant of good faith and fair dealing, (7) state-law claims for assault and battery and intentional infliction of emotional distress, and (8) state-law whistleblower claims under La. R.S. 23:967 and La. R.S. 42:1169.

Respectfully submitted,

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: *s/Steven M. Oxenhandler*
Steven M. Oxenhandler, T.A. (#28405)
Michael J. O'Shee (#10268)
Joshua J. Dara, Jr. (#35739)
Martha R. Crenshaw (#27420)
M. Allison Johnson (#35850)
P.O. Box 6118
2001 MacArthur Drive
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
**ATTORNEYS FOR DEFENDANTS JEROME HOPEWELL, STEVE BOETA, HARRY ROBERTSON CHRIS PRUITT AND ALEXANDRIA CITY MARSHAL'S OFFICE**