UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICIA "KAY" WHATLEY | CIVIL DOCKET NO. 1:21-CV-01185 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| JEROME HOPEWELL, ET AL | MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES |

## MEMORANDUM RULING

Before the Court is a MOTION FOR PARTIAL SUMMARY JUDGMENT ("the Motion") [Doc. 14], filed by Defendant, Jerome Hopewell. For the following reasons, the Defendant's Motion is GRANTED.

### PROCEDURAL HISTORY

On May 4, 2021, Patricia "Kay" Whatley ("Whatley" or "Plaintiff") filed suit against her former employer Alexandria City Marshal Jerome Hopewell, Alexandria City Marshal's Office employees Chief Deputy Steve Boeta, Deputy Harry Robertson, Deputy Chris Pruitt, the Alexandria City Marshal's Office, "Does 1-10," and "XYZ" Insurance Companies 1-10, alleging claims of: (1) Title VII discrimination, (2) Title VII retaliation, (3) ADA discrimination, (4) ADA retaliation, (5) violations of the Louisiana Employment Discrimination Law, (6) assault and battery under Louisiana Law, (7) intentional infliction of emotional distress under Louisiana Law, (8) breach of Louisiana's Whistleblower Protection Law, (9) breach of the implied covenant of good faith and fair dealing under Louisiana Law, and (10) obligations under Louisiana's Direct Action Statute. [Doc. 1 ¶ 148-238].

On June 21, 2021, Defendants filed an Answer and a Partial Motion for Summary Judgment seeking to dismiss all claims brought against the Alexandria City Marshal's Office, Title VII and ADA claims against the individual Defendants personally, all claims for breach of the implied covenant of good faith and fair dealing, state law claims of assault, battery, and intentional infliction of emotional distress, and all Louisiana state law whistleblower claims. [Docs. 5, 6-1].  Plaintiff filed a response asserting no opposition to the relief requested and the Court granted the Motion for Partial Summary Judgment on July 15, 2021. [Docs. 8-10].

Pursuant to the Court's request, Plaintiff filed an Amended Complaint asserting the remaining claims and naming only Alexandria City Marshal Jerome Hopewell ("Hopewell" or "Defendant") and XYZ Insurance Companies as Defendants. [Doc. 11 p. 1].  Plaintiff's claims stem from allegations that while working as a Deputy Marshal with the Alexandria City Marshal's Office, Hopewell and other co-workers subjected her to daily physical and verbal sexual harassment, discrimination related to an injury, and retaliation after she made complaints to her supervisors. [Doc. 11 ¶¶ 2-8].

Defendant filed this Motion for Partial Summary Judgment on September 24, 2001, seeking to have Plaintiff's claims brought under the Louisiana Employment Discrimination Law dismissed. [Doc. 14].  Plaintiff was permitted an extension of time to respond, after which she filed her brief in opposition to the Motion and Defendant filed a Reply Memorandum. [Docs. 17, 18, 21, 22]. The Defendant's Motion is now ripe for ruling.

## BACKGROUND

Plaintiff began working for the Alexandria City Marshal's Office on June 29, 2017, as an Administrative Assistant, and in November 2017 was promoted to the position of Deputy Marshal. [Doc. 11 ¶¶ 20, 23]. Defendant is the City Marshal for the Alexandria City Marshal's Office, the highest authority in that office. [Doc. 11 ¶ 14].

Plaintiff brings claims alleging that while she was working as a Deputy Marshal, she endured sexual harassment, disability discrimination related to an injury, and retaliation. [Doc. 11]. In support of these claims Plaintiff contends that although she injured herself twice while training for her position, the Alexandria City Marshal's Office failed to accommodate her injuries. *Id*. Plaintiff also claims that her co-deputies and the Defendant made comments about her physical appearance, made physical contact with her without consent, requested she perform sexual acts, discussed her private health information, spread rumors about her personal life, and even shocked her with a TASER. *Id*.

Plaintiff alleges she reported this misconduct to her supervisors, including Defendant, on three separate occasions but that her reports were only met with additional instances of harassment and hostility. *Id*. Plaintiff also claims that after filing a charge with the Equal Employment Opportunity Commission ("EEOC"), Defendant retaliated against her by installing cameras in Plaintiff's office without her knowledge and issuing her a written warning for causing "severe disruption" by "threatening to sue the Alexandria City Marshal's Office." *Id*.

Plaintiff alleges she was constructively discharged on February 4, 2020 when she resigned "due to the stress of being subject to a hostile work environment consisting of sexual harassment, discrimination and retaliation for exercising [her] rights after filing a complaint with the EEOC."

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The movant bears the burden of demonstrating the absence of a genuine dispute of material fact but need not negate every element of the nonmovant's claim. *Hongo v. Goodwin*, 781 F. App'x 357, 359 (5th Cir. 2019) (citing *Duffie v. United States*, 600 F. 3d 362, 371 (5th Cir. 2010)). If the movant meets this burden, the burden then shifts to the nonmovant who is required to "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d

293, 301 (5th Cir. 2004). However, summary judgment cannot be defeated through "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)).

In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The motion for summary judgment should be granted if the non-moving party cannot produce sufficient competent evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## DISCUSSION

The Motion seeks a partial summary judgment on Plaintiff's claims of discrimination and retaliation under the Louisiana Employment Discrimination Law ("LEDL"). La. R.S. §§ 23:301, *et seq*.

### A. Arguments Before the Court

Plaintiff's LEDL claims are premised on her contention that Defendant discriminated against her because of her gender and disability by: (i) subjecting her to hostile workplace and *quid pro quo* sexual harassment, (ii) failing to accommodate her disability, and (iii) retaliating against her for reporting this conduct. [Doc. 11 ¶¶

198-203]. Defendant responds that he is not subject to the LEDL because, during the requisite time, he did not employ "twenty or more employees…for each working day in each of twenty or more calendar weeks of the current or preceding calendar year" as required by the statute. [Doc. 14-1 p. 3]. Defendant asserts that when determining the number of employees for LEDL purposes, the "payroll method" should be used. [Doc. 14-1 p. 4]. Further, Defendant argues that utilizing the "payroll method" shows the Alexandria City Marshal did not employ at least 20 employees for at least 20 calendar weeks during the years of 2016-2020.[1] [Doc. 14-1 p. 5].

Plaintiff counters that a genuine dispute of fact exists as to whether the Alexandria City Marshal employed at least 20 employees during the relevant time period. [Doc. 21 p. 5]. Specifically, Plaintiff contends that inmates engaged in a work release program at the Alexandria City Marshal's Office should be considered employees. [Doc. 21 p. 6].[2] Plaintiff also claims that payroll records provided by

---

[1] Plaintiff has alleged that the discrimination occurred between 2017 and 2020. [Doc. 11]. Defendant has submitted as summary judgment evidence, payroll records for the period from 2016-2020, including the year prior to Plaintiff's first allegation through the year of her resignation. [Doc. 14-1 p. 5]. When determining whether 20 or more employees were employed for at least 20 weeks of the "current or preceding calendar year," Defendant contends that "current year" is the year in which the alleged discrimination occurred. [Doc. 14-1 p. 4]. In support of this, Defendant cites *Dumas v. Town of Mount Vernon, Ala.*, in which the Fifth Circuit held that "current year" for Title VII determinations means "the year in which the alleged discrimination occurred." 612 F.2d 974 (5th Cir. 1980) (overruling on other grounds in *Larkin v. Pullman-Standard Div., Pullman, Inc.*, 854 F.2d 1549 (11th Cir. 1988) recognized in *Green v. Grampre*, 388 F. App'x 427 (5th Cir. 2010)). Defendant's position in this regard is not disputed by the Plaintiff.

[2] In support of this argument, Plaintiff claims that the "payroll method" is not the only way for determining the number of employees during a given time period. [Doc. 21 p. 6]. Citing cases from district courts in New Jersey and Pennsylvania, Plaintiff contends that the Court should apply "principles of agency law" to decipher "whether an employer has employment relationships." *Id.* Additionally, Plaintiff cites *Watson v. Graves* in which the Fifth Circuit used the economic-realities test and found that, under the Fair Labor Standards

Defendant fail to account for at least one employee, Harry Robertson ("Robertson"), during the period of May to September of 2018. [Doc. 21 p. 3].

In reply, the Alexandria City Marshal's Office alleges that Robertson does not appear in the payroll records during that time because he had left his employment in the Alexandria City Marshal's Office to work as a detective in a different city. [Doc. 22 p. 2]. Defendant also argues that Plaintiff has not provided any evidence, other

---

Act, work-release inmates were employees of a private contractor who, "supervised and controlled…conditions of employment," including having hiring and firing power. 909 F.2d 1549, 1555 (5th Cir. 1990). The Court, however, granted summary judgment in favor of the Sheriff and Warden of the prison, noting that the work-release inmates did not provide any evidence to demonstrate that they had an employment relationship. *Id.*

Analogous to the LEDL's 20-employee requirement, when applying the 15-employee requirement under Title VII, Louisiana district courts have generally held that courts must first look to whether an individual appears on the payroll and then, secondarily, to "traditional principles of agency law." *See*, *Pate v. Pontchartrain Partners, LLC*, 2014 WL 2560416, at *3-4 (E.D. La. June 6, 2014); *Imbornone v. Tchefuncta Urgent Care, Inc.*, 2013 WL 3818331, at *2 (E.D. La. July 22, 2013); *McCarty v. Southland Builders & Assocs. Inc.*, 2007 WL 963202, at *7 (W.D. La. Mar. 28, 2007); *Tyler v. Int'l Bhd. of Elec. Workers*, 2000 WL 17839, at *2 (E.D. La. Jan. 11, 2000) (citing *Walters* where the Supreme Court stated that, "an individual who appears on the payroll but is not an 'employee' under traditional principles of agency law…would not count toward the 15-employee minimum." 519 U.S. 202, 211, (1997)).

Here, the work-release inmates were not on the Defendant's payroll and Plaintiff has not provided summary judgment evidence otherwise demonstrating that the work-release inmates had an employment relationship with the Alexandria City Marshal's Office. Specifically, Plaintiff has failed to provide evidence showing that the Alexandria City Marshal's Office paid the work-release inmates, controlled the amount of their pay, had hiring or firing ability, or had any control over the conditions of their employment. Mere "conclusory allegations" and unsubstantiated assertions" are not sufficient summary judgment evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (holding that "We do not…in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.").

than her unsupported assertions, to show that the Alexandria City Marshal's Office employed work-release inmates. [Doc. 22 p. 4].

### B. Payroll Method

Under the LEDL, an "employer" is "a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and in return, giving compensation of any kind to an employee." La. R.S. § 23:302. The LEDL only applies to employers who meet this definition and who "emplo[y] twenty or more employees within the state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *Id*.

In *Walters v. Metropolitan Educational Enterprises, Inc.*, the Supreme Court found that when determining the existence of an employment relationship for Title VII purposes, using the "payroll method" is appropriate. 519 U.S. 202, 210, (1997). Subsequently, the Fifth Circuit affirmed an Eastern District holding that applied the "payroll test" used in *Walters* to state law employment claims brought under the LEDL. *See, Mahl v. Nokia, Inc.* 212 F. App'x. 279, 280 (5th Cir. 2006) and *Mahl v. Nokia, Inc.*, 2006 WL 8456801, at *1 (E.D. La. April 18, 2006).[3]

---

[3]    Louisiana district courts have consistently held that when determining the number of employees for purposes of the LEDL, it is appropriate to apply the "payroll method" utilized in Title VII cases. *See Davis v. Gavin*, 2021 WL 3573040 at *8 (W.D. La. Aug. 12, 2021); *Durham v. AMIKids, Inc.*, 2020 WL 1493664 (M.D. La. March 27, 2020); *Imbornone v. Tchefuncta Urgent Care, Inc.*, 2013 WL 3818331, at *4 (E.D. La. July 22, 2013); *Johnson v. Hospital Corp. of America*, 2011 767 F. Supp. 2d 678, 693 (W.D. La. 2011); *Brown v. Canal Energy & Servicing, Inc.*, 2011 WL 2937276, at *6 (E.D. La. July 19, 2011); *McCarty v. Southland Builders & Assocs. Inc.*, 2007 WL 963202, at *10 (W.D. La. Mar. 28, 2007).

After conducting an independent review of the affidavits and payroll records submitted by the parties, this Court finds that Defendant did not employ at least 20 employees during 20 or more calendar weeks in 2016-2020. The payroll records unequivocally show – giving every reasonable inference to the non-movant – that the Defendant potentially employed 20 or more employees on only 6 separate occasions during 2016-2020, but never for more than 20 calendar weeks in a year. Moreover, Plaintiff's affidavit stating that she "recall[s]" the Alexandria City Marshal's Office employing Robertson and work-release inmates, does not constitute sufficient evidence to withstand summary judgment. [Doc. 21-2]. S*ee, Mahl*, 2006 WL 8456801, at *3-4 (finding the Plaintiff's affidavit alleging that "to her knowledge" Defendant employed "numerous people" was insufficient evidence to withstand summary judgment.)

Because: (i) Defendant has provided sufficient summary judgment evidence to show that the LEDL should not apply under these facts, and (ii) Plaintiff has provided no evidence that the Alexandria City Marshal's Office employed 20 or more employees for 20 or more calendar weeks as required by the LEDL, the Court grants summary judgment in Defendant's favor as to Plaintiff's claims under the LEDL.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment [Doc. 14] is GRANTED.

IT IS FURTHER ORDERED that all Louisiana Employment Discrimination Law claims asserted by Plaintiff against Jerome Hopewell are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 2nd day of December 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE