# Law Office of William Most

201 St. Charles Ave., Ste. 114, # 101 ♦ New Orleans, LA 70170

(504) 509-5023                                                               williammost@gmail.com

Jerome Hopewell                                                      November 6, 2019
Alexandria City Marshal's Office
515 Washington St.
Alexandria, LA 71301
Via U.S. Mail and Fax at (318) 449-5120
Re:    Request for Reasonable Accommodation

Dear Mr. Hopewell,

This letter is a request for accommodation under the ADA Amendments Act of 2008, and a request to engage in an interactive process of seeking accommodation for Ms. Kay Whatley.

As you know, Ms. Whatley has been dealing with a knee injury since 2017 which was recently reaggravated at the academy. While this injury does not prevent her from working in her original job as a deputy marshal, she is unable to work in her current office setting without an accommodation. For that reason, I am requesting that you reinstate Ms. Whatley as a deputy marshal immediately. Although she is not POST-certified due to the injury suffered at the academy, it is my understanding that there are other deputy marshals who do not have the POST certification but are allowed to continue working in that position.

If you are not able to accommodate Ms. Whatley by reinstating her as a deputy marshal, I am requesting a full explanation as to why that is the case. In addition, if you are not able to reinstate Mr. Whatley as a deputy marshal, I would request that you allow her to return to her position in the office with the following accommodations:

- Provide a workspace where Ms. Whatley does not have to stand for long periods of time
- Provide ergonomic and adjustable components at her workspace, such as an appropriate office chair
- Breaks for stretching and/or walking, as necessary
- Scheduling flexibility for Ms. Whatley to attend medical appointments, if necessary
- Exemption from having to lift and carry filing documents and other items
- Exemption from any uniform policies that would prevent Ms. Whatley from wearing necessary footwear or other clothing items related to her knee issue

Please let me know if you would like to discuss any of the requested accommodations or if there is any more information I can provide. Please let us know by close of business on November 12, 2019 whether you are willing to engage in an interactive process of seeking accommodation, and if so, what the next step would be.

Regards,

Dave Lanser
Law Office of William Most
201 St. Charles Ave., Ste. 114, #101
New Orleans, LA 70170
(504) 533-4521
id.lanser@gmail.com

**EXHIBIT**

**D-1**

01021



# ALEXANDRIA CITY COURT

IN AND FOR WARDS ONE, TWO, AND EIGHT
RAPIDES PARISH
515 Washington Street
Alexandria, Louisiana 71301
FAX:  318-449-5166
TDD:  318-449-5185

**TRACY W. LIOTTA**
318-449-5146
*Clerk of Court*

**JEROME HOPEWELL**
318-449-5149
*City Marshal*

**RICHARD E. STARLING, JR.**
318-449-5151
*Judge*

11-12-19

RE: Request for Reasonable Accommodations   ( Whatley)

Dear Mr. Lanser,

This will acknowledge receipt of your letter dated November 6, 2019.  I have to admit I was surprised at its contents.  I spoke with Ms. Whatley approximately two weeks ago and I did not perceive any problem with her return to work.  She has never had her title as Deputy Marshal revoked. She is currently a Deputy Marshal and when she returns to work she will retain that title. We can certainly accommodate the restrictions outlined in your letter as soon as she reports for duty.  She can start immediately.

If this is unsatisfactory please favor me with a written response outlining Ms. Whatley's concerns.

*Jerome Hopewell*
Jerome Hopewell

Alexandria City Marshal

*Emailed to mr. Lanser 11-12-19*

**00146**

**Jerome Hopewell**

| | |
|---|---|
| **From:** | Dave Lanser <david.lanser@gmail.com> |
| **Sent:** | Monday, December 2, 2019 9:46 AM |
| **To:** | Jerome Hopewell; William Most |
| **Subject:** | Re: [External Email]  Whatley - Mailed original |

But to be clear: What I am asking for is a workplace accommodation so Ms. Whatley can return to work, not for workers compensation or a disability leave claim which is being handled separately. I just briefly reviewed the services provided by CCMSI on their website and it does not appear that a workplace accommodation is something they handle, or would be qualified to handle.

What was CCMSI supposedly contacting me about? If it was something other than providing an accommodation, we may still be at an impasse.

If it is easier to explain over the phone, my number is (504) 533-4521.

On Mon, Dec 2, 2019 at 9:13 AM Dave Lanser <david.lanser@gmail.com> wrote:
    Thank you, Mr. Hopewell.

    I have not yet heard from CCMSI and will be in touch if they do not contact me soon.

    On Sun, Dec 1, 2019 at 2:03 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

    Mr. Lanser,


    I've been out of the office this week, but was under the impression that the CCMSI representatives were in contact with you.  If you haven't heard from them already, I'm confident you will soon.



    Jerome Hopewell

    Alexandria City Marshal


    **From:** Dave Lanser [mailto:david.lanser@gmail.com]
    **Sent:** Wednesday, November 27, 2019 10:51 AM
    **To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
    **Subject:** Re: [External Email] Whatley - Mailed original


    Mr. Hopewell,

1

It has now been nearly a week since we provided the doctor's note you requested, but I have yet to hear from you. Again, Ms. Whatley is ready to return to work underlined immediately, provided you are willing to accommodate the needs identified by the doctor. You previously indicated that this was possible. Please let me know when Ms. Whatley can return to work, in what capacity you intend to reinstate her (i.e. field work, office, etc.), and how you plan to accommodate her injury.

On Mon, Nov 25, 2019 at 2:53 PM Dave Lanser <david.lanser@gmail.com> wrote:

Mr. Hopewell,

Ms. Whatley is still waiting on a response to this request for accommodation. Please advise.

On Thu, Nov 21, 2019 at 11:44 AM Dave Lanser <david.lanser@gmail.com> wrote:

Mr. Hopewell,

Attached, please find an October 3, 2019, letter from Ms. Whatley's doctor outlining her restrictions which are in line with the accommodations we have requested. Again, those accommodations include but are not necessarily limited to:

• Provide a workspace where Ms. Whatley does not have to stand for long periods of time
• Provide ergonomic and adjustable components at her workspace, such as an appropriate office chair
• Breaks for stretching and/or walking, as necessary
• Scheduling flexibility for Ms. Whatley to attend medical appointments, if necessary
• Exemption from having to lift and carry filing documents and other items
• Exemption from any uniform policies that would prevent Ms. Whatley from wearing necessary footwear or other clothing items related to her knee issue

Ms. Whatley would like to return to work immediately, provided you provide the necessary accommodations. If you are not able to do so, please explain why you cannot so that we can reach an appropriate resolution.

Thank you,

Dave Lanser

Law Office of William Most

2

**00336**

On Wed, Nov 13, 2019 at 4:18 PM Dave Lanser <david.lanser@gmail.com> wrote:

Mr. Hopewell,

According to her doctor, Ms. Whatley could return to work immediately *if* there are accommodations available, such as modified duty. But she has been told by your office (most recently by Melissa Newcomb) that there is no modified duty or other accommodations available, so the doctor is not able to clear her. Now, it appears that your position has changed regarding accommodations so I am requesting which particular accommodations (outlined in my letter or otherwise) are possible, pending documentation from the doctor.

On Wed, Nov 13, 2019 at 3:40 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

Mr. Lanser,

Is Ms. Whatley being fully released by her doctors to return to work?  Could you send me the latest medical reports indicating her restrictions if any?

Jerome Hopewell

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Wednesday, November 13, 2019 3:16 PM
**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
**Subject:** Re: [External Email] Whatley - Mailed original

Mr. Hopewell,

Thank you for the response and I am glad you are open to accommodating Ms. Whatley.

3

**00337**

However, there appears to be some confusion: When I asked for her to be reinstated as a deputy marshal, I am not referring to the title (which I agree was not revoked) but her actual work assignment and job duties. My understanding is that Ms. Whatley was required to work in the office rather than working her previous duties in the field or at least on door security or a similar position while she recovers. The office duties to which she is assigned are not typical of a deputy marshal, nor are they appropriate considering her knee injury.

Please explain how, in particular, you plan to accommodate Ms. Whatley once she is able to return to work. And if I have any of my facts wrong, please correct me so we can find an appropriate accommodation.

--

Regards,

Dave Lanser

Law Office of William Most

201 St. Charles Ave., Ste. 114, #101

New Orleans, LA 70170

(504) 533-4521

--

Regards,

Dave Lanser

Law Office of William Most

201 St. Charles Ave., Ste. 114, #101

New Orleans, LA 70170

(504) 533-4521

4

**00338**

--

Regards,

Dave Lanser

Law Office of William Most

201 St. Charles Ave., Ste. 114, #101

New Orleans, LA 70170

(504) 533-4521

--

Regards,

Dave Lanser

Law Office of William Most

201 St. Charles Ave., Ste. 114, #101

New Orleans, LA 70170

(504) 533-4521

--

Regards,

Dave Lanser

Law Office of William Most

201 St. Charles Ave., Ste. 114, #101

New Orleans, LA 70170

5

00339

(504) 533-4521

--
Regards,
Dave Lanser
Law Office of William Most
201 St. Charles Ave., Ste. 114, #101
New Orleans, LA 70170
(504) 533-4521

--
Regards,
Dave Lanser
Law Office of William Most
201 St. Charles Ave., Ste. 114, #101
New Orleans, LA 70170
(504) 533-4521

00340

## Jerome Hopewell

| | |
|---|---|
| **From:** | Dave Lanser <david.lanser@gmail.com> |
| **Sent:** | Wednesday, December 4, 2019 3:15 PM |
| **To:** | Jerome Hopewell; William Most |
| **Subject:** | [External Email] Re: [External Email] Whatley - Mailed original |
| **Attachments:** | Whatley - Work Status.pdf |

The latest version is the October 3, 2019, letter I already sent you and attached again below. Ms. Whatley has not visited the doctor for an updated letter - as she is still waiting for you to respond to this one, I am not sure what a second letter would accomplish. Her request for an accommodation has not changed.

On Wed, Dec 4, 2019 at 3:10 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

Would it be possible for you to send me the second medical opinion outlining Ms. Whatley's restrictions?

Thank you

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Monday, November 25, 2019 2:54 PM
**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
**Subject:** Re: [External Email] Whatley - Mailed original

Mr. Hopewell,

Ms. Whatley is still waiting on a response to this request for accommodation. Please advise.

On Thu, Nov 21, 2019 at 11:44 AM Dave Lanser <david.lanser@gmail.com> wrote:

Mr. Hopewell,

Attached, please find an October 3, 2019, letter from Ms. Whatley's doctor outlining her restrictions which are in line with the accommodations we have requested. Again, those accommodations include but are not necessarily limited to:

• Provide a workspace where Ms. Whatley does not have to stand for long periods of time
• Provide ergonomic and adjustable components at her workspace, such as an appropriate office chair

1

**00341**

• Breaks for stretching and/or walking, as necessary
• Scheduling flexibility for Ms. Whatley to attend medical appointments, if necessary
• Exemption from having to lift and carry filing documents and other items .
• Exemption from any uniform policies that would prevent Ms. Whatley from wearing necessary footwear or other clothing items related to her knee issue

Ms. Whatley would like to return to work immediately, provided you provide the necessary accommodations. If you are not able to do so, please explain why you cannot so that we can reach an appropriate resolution.

Thank you,

Dave Lanser

Law Office of William Most

On Wed, Nov 13, 2019 at 4:18 PM Dave Lanser <david.lanser@gmail.com> wrote:

Mr. Hopewell,

According to her doctor, Ms. Whatley could return to work immediately *if* there are accommodations available, such as modified duty. But she has been told by your office (most recently by Melissa Newcomb) that there is no modified duty or other accommodations available, so the doctor is not able to clear her. Now, it appears that your position has changed regarding accommodations so I am requesting which particular accommodations (outlined in my letter or otherwise) are possible, pending documentation from the doctor.

On Wed, Nov 13, 2019 at 3:40 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

Mr. Lanser,

Is Ms. Whatley being fully released by her doctors to return to work?  Could you send me the latest medical reports indicating her restrictions if any?

Jerome Hopewell

**00342**

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Wednesday, November 13, 2019 3:16 PM
**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
**Subject:** Re: [External Email] Whatley - Mailed original

Mr. Hopewell,

Thank you for the response and I am glad you are open to accommodating Ms. Whatley.

However, there appears to be some confusion: When I asked for her to be reinstated as a deputy marshal, I am not referring to the title (which I agree was not revoked) but her actual work assignment and job duties. My understanding is that Ms. Whatley was required to work in the office rather than working her previous duties in the field or at least on door security or a similar position while she recovers. The office duties to which she is assigned are not typical of a deputy marshal, nor are they appropriate considering her knee injury.

Please explain how, in particular, you plan to accommodate Ms. Whatley once she is able to return to work. And if I have any of my facts wrong, please correct me so we can find an appropriate accommodation.

--

Regards,

Dave Lanser

Law Office of William Most

201 St. Charles Ave., Ste. 114, #101

New Orleans, LA 70170

(504) 533-4521

--

3

**00343**

**Jerome Hopewell**

| | |
|---|---|
| From: | Dave Lanser <david.lanser@gmail.com> |
| Sent: | Wednesday, December 4, 2019 8:58 PM |
| To: | Jerome Hopewell |
| Subject: | Re: [External Email] Whatley - Mailed original |

The letter Ms. Whatley provided includes exactly that:

Comments: Sedentary to light duty if available.

*The above work level is that put forth by the US Department of Labor, as defined below:

**Sedentary Work:** Lifting 10 pounds maximum and occasional lifting and/or carrying articles such as dockets, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing are required only occasionally and other sedentary criteria are met.

Quite frankly, I am confused what more you are looking for as a medical professional has already provided limitations. I instructed Ms. Whatley earlier to have her doctor provide as much detail as possible at her visit tomorrow, but these letters rarely provide more information than the October letter already has. If there is something in particular you need to accommodate Ms. Whatley, let me know, but I cannot dictate a doctor's note.

On Wed, Dec 4, 2019 at 8:46 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

I would just would like to have something from medical professional outlining her limitations.

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Wednesday, December 4, 2019 5:00 PM
**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
**Subject:** Re: [External Email] Whatley - Mailed original

Ms. Whatley did visit the doctor in November, but he did not write a new letter as nothing had changed.

I just spoke with Ms. Whatley and an appointment opened up for her to visit the doctor tomorrow. She is going to see if he will write another letter, if that's helpful. Her position on accommodations has not changed.

On Wed, Dec 4, 2019 at 3:22 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

It is my understanding that she had an apt. on 11-12-19.

1

**00347**

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Monday, November 25, 2019 2:54 PM
**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
**Subject:** Re: [External Email] Whatley - Mailed original


Mr. Hopewell,


Ms. Whatley is still waiting on a response to this request for accommodation. Please advise.


On Thu, Nov 21, 2019 at 11:44 AM Dave Lanser <david.lanser@gmail.com> wrote:

Mr. Hopewell,


Attached, please find an October 3, 2019, letter from Ms. Whatley's doctor outlining her restrictions which are in line with the accommodations we have requested. Again, those accommodations include but are not necessarily limited to:

• Provide a workspace where Ms. Whatley does not have to stand for long periods of time
• Provide ergonomic and adjustable components at her workspace, such as an appropriate office chair
• Breaks for stretching and/or walking, as necessary
• Scheduling flexibility for Ms. Whatley to attend medical appointments, if necessary
• Exemption from having to lift and carry filing documents and other items
• Exemption from any uniform policies that would prevent Ms. Whatley from wearing necessary footwear or other clothing items related to her knee issue


Ms. Whatley would like to return to work immediately, provided you provide the necessary accommodations. If you are not able to do so, please explain why you cannot so that we can reach an appropriate resolution.


Thank you,

Dave Lanser

Law Office of William Most


On Wed, Nov 13, 2019 at 4:18 PM Dave Lanser <david.lanser@gmail.com> wrote:

2

**00348**

which she is assigned are not typical of a deputy marshal, nor are they appropriate considering her knee injury.

Please explain how, in particular, you plan to accommodate Ms. Whatley once she is able to return to work. And if I have any of my facts wrong, please correct me so we can find an appropriate accommodation.

--

Regards,

Dave Lanser

Law Office of William Most

201 St. Charles Ave., Ste. 114, #101

New Orleans, LA 70170

(504) 533-4521

--

Regards,

Dave Lanser

Law Office of William Most

201 St. Charles Ave., Ste. 114, #101

New Orleans, LA 70170

(504) 533-4521

--

4

**00349**

**Jerome Hopewell**

| | |
|---|---|
| From: | Dave Lanser <david.lanser@gmail.com> |
| Sent: | Friday, December 6, 2019 3:16 PM |
| To: | Jerome Hopewell; William Most |
| Subject: | Re: [External Email]  Whatley - Mailed original |

Thank you

On Fri, Dec 6, 2019 at 3:16 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

8:00am

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Friday, December 6, 2019 3:10 PM
**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
**Subject:** Re: [External Email] Whatley - Mailed original

My understanding is that Ms. Whatley performed that job without issue while on sedentary duty previously. It is still her primary request.

In any event, she will report on Monday to discuss her new duties. Let me know if there is a particular time she should arrive.

On Fri, Dec 6, 2019 at 2:53 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

The front door is not defined as field work, but that job requires constant standing and walking.

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Friday, December 6, 2019 2:50 PM
**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
**Subject:** Re: [External Email] Whatley - Mailed original

We may be talking past each other regarding what is "field work" vs. "office work" but my understanding was her previous work staffing the entrance desk was designated as "field work." She had worked at that desk while on sedentary restriction prior to being moved into the office and would like to return to that position, as it is more in line with her experience and title. Let me know if I have that wrong.

1

Also, Ms. Whatley went to the Police Jury Office and signed her yearly benefits package around 10:30 am this morning.

On Fri, Dec 6, 2019 at 2:35 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

By nature, the field work we do would be the opposite of sedentary. On another note, Ms. Whatley was supposed to go by the Police Jury Office sometime today to sign her yearly benefits package. She has until 4:30 to do so.

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Friday, December 6, 2019 2:32 PM
**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
**Subject:** Re: [External Email] Whatley - Mailed original

Sedentary to light duty. I'm curious which part of the following from the doctor's note her being in the field would violate, as Ms. Whatley believes her field work could be in line with the restriction:

Completed by: ____M. Boudreaux, RMA_____

Comments: Sedentary to light duty if available.

*The above work level is that put forth by the US Department of Labor, as defined below:

**Sedentary Work:** Lifting 10 pounds maximum and occasional lifting and/or carrying articles such as dockets, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing are required only occasionally and other sedentary criteria are met.

Thanks again.

On Fri, Dec 6, 2019 at 2:24 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

She is restricted to sedentary work.

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Friday, December 6, 2019 2:22 PM
**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
**Subject:** Re: [External Email] Whatley - Mailed original

Thank you, Mr. Hopewell.

2

**00391**

I will let Ms. Whatley know, but can you elaborate on what "to insure her personal safety" means so I can properly relay this message?

On Fri, Dec 6, 2019 at 2:14 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

Mr. Lanser,

We will certainly be able to accommodate Ms. Whatley's restrictions.  She will have to be confined to the office upon her return to insure her personal safety.  She can report as soon as Monday morning to be briefed on her new duties.

Jerome Hopewell

Alexandria City Marshal

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Friday, December 6, 2019 12:58 PM
**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
**Subject:** Re: [External Email] Whatley - Mailed original

Mr. Hopewell,

Making sure you received the previous correspondence. If it's easier to call me and discuss, my number is (504) 533-4521.

On Thu, Dec 5, 2019 at 3:18 PM Dave Lanser <david.lanser@gmail.com> wrote:

Mr. Hopewell,

Ms. Whatley went to the doctor's office today, but was informed that the doctor does not prescribe specific accommodations, only limitations in the form of modified duty which, in this case, is sedentary

3

**00392**

duty per the letter in your possession. The next step is for you and Ms. Whatley (through her counsel) to determine the the best accommodations that fit the particular workplace. This is the conversation we have been trying to have for weeks.

Once again, Ms. Whatley is ready to return to work immediately, pending accommodations. Her primary request is to return to her original position in the field as deputy marshal performing the same duties she did prior to being moved into the office. If that is not possible please explain why. In the event that she must work in the office, she would request the same list of accommodations as in prior correspondence.

Please advise.

On Thu, Dec 5, 2019 at 9:39 AM Dave Lanser <david.lanser@gmail.com> wrote:

I offered the same suggestion for her doctor when I spoke to Ms. Whatley yesterday. I'm not sure if he will be willing to go beyond the medical restrictions he has already provided, but I agree with you that it would provide some helpful clarification.

I'll let you know when I hear back from Ms. Whatley.

On Thu, Dec 5, 2019, 9:31 AM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

Mr. Lanser,

When we originally communicated I was under the impression those six conditions that I referenced earlier where created by a medical professional. I now understand that is not the case. You mentioned earlier that Ms. Whatley has an appt. later today. Maybe she could bring these conditions and have her Dr. review and initial just out of an abundance of caution.

Thank you

Jerome Hopewell

Alexandria City Marshal

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Wednesday, December 4, 2019 9:27 PM
**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
**Subject:** Re: [External Email] Whatley - Mailed original

That is a list of requested accommodations created by Ms. Whatley and her legal counsel based on the recommendations of her doctor. In most cases, a doctor is not in a position to outline the exact accommodations necessary, as accommodations must be tailored to the particular needs of the particular workplace. Rather, a doctor typically provides a medical diagnosis and recommendation regarding the patient's *limitations*, which in this case is a restriction to sedentary work.

Based on the doctor's medical opinion, Ms. Whatley has articulated specific accommodations she needs so she can return to work. You initially expressed that such accommodations were possible, but when pressed for clarification have backtracked, though you have yet to identify any issues with the requested accommodations.

Hopefully tomorrow's appointment can provide whatever clarification you are seeking, though again you have refused to articulate what you need to see for Ms. Whatley to be able to return to work.

Again, Ms. Whatley is requesting the previously stated accommodations and, if provided, would like to return to work immediately.

On Wed, Dec 4, 2019 at 8:59 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

Who wrote this:

• Provide a workspace where Ms. Whatley does not have to stand for long periods of time
• Provide ergonomic and adjustable components at her workspace, such as an appropriate office chair
• Breaks for stretching and/or walking, as necessary
• Scheduling flexibility for Ms. Whatley to attend medical appointments, if necessary
• Exemption from having to lift and carry filing documents and other items
• Exemption from any uniform policies that would prevent Ms. Whatley from wearing necessary footwear or other clothing items related to her knee issue

**00394**

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Wednesday, December 4, 2019 8:58 PM
**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>
**Subject:** Re: [External Email] Whatley - Mailed original

The letter Ms. Whatley provided includes exactly that:

Quite frankly, I am confused what more you are looking for as a medical professional has already
provided limitations. I instructed Ms. Whatley earlier to have her doctor provide as much detail as
possible at her visit tomorrow, but these letters rarely provide more information than the October letter
already has. If there is something in particular you need to accommodate Ms. Whatley, let me know,
but I cannot dictate a doctor's note.

On Wed, Dec 4, 2019 at 8:46 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

I would just would like to have something from medical professional outlining her limitations.

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Wednesday, December 4, 2019 5:00 PM
**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
**Subject:** Re: [External Email] Whatley - Mailed original

Ms. Whatley did visit the doctor in November, but he did not write a new letter as nothing had
changed.

I just spoke with Ms. Whatley and an appointment opened up for her to visit the doctor tomorrow. She
is going to see if he will write another letter, if that's helpful. Her position on accommodations has not
changed.

On Wed, Dec 4, 2019 at 3:22 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

It is my understanding that she had an apt. on 11-12-19.

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Monday, November 25, 2019 2:54 PM

6

00395

**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
**Subject:** Re: [External Email] Whatley - Mailed original

Mr. Hopewell,

Ms. Whatley is still waiting on a response to this request for accommodation. Please advise.

On Thu, Nov 21, 2019 at 11:44 AM Dave Lanser <david.lanser@gmail.com> wrote:

Mr. Hopewell,

Attached, please find an October 3, 2019, letter from Ms. Whatley's doctor outlining her restrictions which are in line with the accommodations we have requested. Again, those accommodations include but are not necessarily limited to:

• Provide a workspace where Ms. Whatley does not have to stand for long periods of time
• Provide ergonomic and adjustable components at her workspace, such as an appropriate office chair
• Breaks for stretching and/or walking, as necessary
• Scheduling flexibility for Ms. Whatley to attend medical appointments, if necessary
• Exemption from having to lift and carry filing documents and other items
• Exemption from any uniform policies that would prevent Ms. Whatley from wearing necessary footwear or other clothing items related to her knee issue

Ms. Whatley would like to return to work immediately, provided you provide the necessary accommodations. If you are not able to do so, please explain why you cannot so that we can reach an appropriate resolution.

Thank you,

Dave Lanser

Law Office of William Most

On Wed, Nov 13, 2019 at 4:18 PM Dave Lanser <david.lanser@gmail.com> wrote:

Mr. Hopewell,

00396

According to her doctor, Ms. Whatley could return to work immediately *if* there are accommodations available, such as modified duty. But she has been told by your office (most recently by Melissa Newcomb) that there is no modified duty or other accommodations available, so the doctor is not able to clear her. Now, it appears that your position has changed regarding accommodations so I am requesting which particular accommodations (outlined in my letter or otherwise) are possible, pending documentation from the doctor.

On Wed, Nov 13, 2019 at 3:40 PM Jerome Hopewell <Jerome.Hopewell@cityofalex.com> wrote:

Mr. Lanser,

Is Ms. Whatley being fully released by her doctors to return to work?  Could you send me the latest medical reports indicating her restrictions if any?

Jerome Hopewell

**From:** Dave Lanser [mailto:david.lanser@gmail.com]
**Sent:** Wednesday, November 13, 2019 3:16 PM
**To:** Jerome Hopewell <Jerome.Hopewell@cityofalex.com>; William Most <williammost@gmail.com>
**Subject:** Re: [External Email] Whatley - Mailed original

Mr. Hopewell,

Thank you for the response and I am glad you are open to accommodating Ms. Whatley.

However, there appears to be some confusion: When I asked for her to be reinstated as a deputy marshal, I am not referring to the title (which I agree was not revoked) but her actual work assignment and job duties. My understanding is that Ms. Whatley was required to work in the office rather than working her previous duties in the field or at least on door security or a similar position while she recovers. The office duties to which she is assigned are not typical of a deputy marshal, nor are they appropriate considering her knee injury.

8

**00397**

Please explain how, in particular, you plan to accommodate Ms. Whatley once she is able to return to work. And if I have any of my facts wrong, please correct me so we can find an appropriate accommodation.

--

Regards,

Dave Lanser

Law Office of William Most

201 St. Charles Ave., Ste. 114, #101

New Orleans, LA 70170

(504) 533-4521

--

Regards,

Dave Lanser

Law Office of William Most

201 St. Charles Ave., Ste. 114, #101

New Orleans, LA 70170

(504) 533-4521

--

Regards,

Dave Lanser

9

00398