UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICIA "KAY" WHATLEY | CIVIL ACTION NO. 1:21-CV-01185 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| JEROME HOPEWELL; and XYZ INSURANCE COMPANIES | MAGISTRATE JUDGE PEREZ-MONTES |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S TITLE VII CLAIMS**

This memorandum is respectfully submitted by defendant, Alexandria City Marshal Jerome Hopewell (the "City Marshal"), in response to the "Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment on Ms. Whatley's Title VII claims (R. Doc. 27)," (the "Opposition") filed by plaintiff, Patricia "Kay" Whatley ("Whatley"). (Doc. 44). For the reasons set forth in the City Marshal's original "Memorandum in Support of Defendant's Motion for Partial Summary Judgment on Plaintiff's Title VII Claims" ("Original Memorandum") (Doc. 27-1) and below, Whatley's Title VII claims are without merit and should be dismissed, with prejudice.

**I.   Alleged Lack of Record Citations**

In her Opposition, Whatley *incorrectly* asserts, multiple times, the City Marshal failed to comply with Rule 56(c)(1) by "provid[ing] no citation to any record evidence" for three of the facts included in the City Marshal's "Statement of Material Facts Not Genuinely Disputed." (Doc. 44, p. 4; Doc. 44-1, p. 1). Specifically, Whatley contends the City Marshal failed to provide citations for the facts set forth in paragraphs 12, 14 and 17. (Doc. 44-1, p. 1). Those paragraphs state:

1

12.
There is no evidence Whatley ever told Pruitt or Robertson she perceived their conduct as unwelcome; instead, Whatley continued to actively communicate and engage in sexual banter with Pruitt and Robertson outside the office.

14.
There is no evidence Whatley was allegedly tased because she is a woman.

17.
Whatley has no evidence showing Boeta ever actually heard any inappropriate comments by Pruitt or Robertson.

Importantly, each of these paragraphs refer to the total **absence of evidence** – making it impossible to provide a record citation. Thus, Whatley's argument regarding a lack of record citations is completely without merit.

**II.     Alleged Conduct by Co-Workers**

As fully set forth in the City Marshal's Original Memorandum, Whatley's hostile work environment claim, based upon alleged conduct by co-workers, Chris Pruitt ("Pruitt") and Harry Robertson ("Robertson"), fails because Whatley cannot show the alleged conduct was severe or pervasive, she cannot show the alleged conduct was unwelcome and subjectively offensive, nor can she show she reported the alleged conduct to the City Marshal.

In her Opposition, Whatley fails to address how the alleged conduct was severe or pervasive under Fifth Circuit case law. As explained in the City Marshal's Original Memorandum, the Fifth Circuit imposes a high burden on a plaintiff bringing a hostile work environment claim – requiring a plaintiff to prove the alleged conduct was severe or pervasive. For the reasons set forth in the City Marshal's Original Memorandum, Whatley has failed to meet that high burden, and, in her Opposition, Whatley has failed to show a genuine dispute of material fact as to whether the alleged conduct by Pruitt and Robertson was severe or pervasive.

Whatley has also failed to show there is a genuine dispute of material fact as to whether the alleged conduct by Pruitt and Robertson was unwelcome and subjectively offensive. Indeed, in her Opposition, Whatley admits she engaged in off-color conversations with Pruitt and Robertson outside of work, during the time she was allegedly being sexually harassed. (Doc. 44, p. 17). Whatley argues her sexual conversations with Pruitt and Robertson outside of the office have no importance to whether the alleged comments by Pruitt and Robertson were unwelcome and subjectively offensive. This argument is nonsensical, and has no support in the law. Whatley's conversations with Pruitt and Robertson, regardless of when they took place, certainly have relevance.

Whatley next argues her reaction to Robertson's sexual joke, which Whatley surreptitiously recorded, is open to interpretation. (*Id.* at p. 19). Contrary to Whatley's arguments, the video speaks for itself – and shows Whatley never objected to the joke, and simply laughed and continued to engage in regular conversation. (Doc. 27-1, Original Memo., at 15).

In her Opposition, Whatley has also failed to show there is a genuine dispute of material fact as to whether the City Marshal knew about the alleged conduct. As noted in the City Marshal's Original Memorandum, Whatley asserts in her Amended Complaint that she reported the alleged harassment to the City Marshal on January 17, 2019 and again on January 10, 2020. (Doc. 27-1, p. 16). Whatley recorded both of those conversations, and copies of both recordings have been submitted to the Court. (*See id.*). In the videos, Whatley <u>does not complain</u> of sexual harassment.

Whatley now seems to have abandoned her contention she reported harassment in January 2019 and January 2020. Instead, she now claims she reported sexual harassment to the City Marshal during a conversation, on an unknown date, in the front lobby. Whatley entirely misrepresents her deposition testimony. At her deposition, Whatley testified she allegedly told the

3

City Marshal in the lobby that she felt that statements that were allegedly being made, *by persons other than Pruitt and Robertson*, about a colonoscopy constituted sexual harassment. (Doc. 27-2, Whatley Depo., at 104:22-25; 105:1-17; 141:13-25, 142:1-25, 143:1-7). Whatley never stated she reported specific sexual harassment by Pruitt and Robertson during that conversation.

Whatley also now claims she "reported the sexual harassment and requested to make a complaint through her worker's compensation attorney." (Doc. 44, p. 23). Whatley has cited to **no evidence** showing her worker's compensation attorney reported the harassment to the City Marshal. Thus, Whatley's alleged report to her attorney has absolutely no relevance here.

Next, Whatley argues supervisors Steve Boeta ("Boeta") and Rhonda Segura ("Segura") observed certain inappropriate comments. (Doc. 44, pp. 25-26). However, she has failed to set forth any evidence showing Boeta and Segura actually heard the alleged comments, or that they knew Whatley was offended by the comments and/or viewed the alleged comments as harassment.

Finally, Whatley contends the City Marshal received notice of harassment in mid-January 2020, when he received an *unsigned copy* of an EEOC Charge and correspondence from her attorney. (*Id.* at p. 25). This argument is without merit, however, as Whatley has failed to show she reported harassment, **before bringing a legal challenge**. Regardless, though, Whatley failed to give the City Marshal an opportunity to take any action in January 2020, as Whatley went out on leave in January 2020, and never returned to work. (Doc. 24-4, Affidavit of Jerome Hopewell, at ¶ 11; Doc. 11, Amended Complaint, at ¶ 141).

In sum, Whatley has failed to show there is a genuine dispute of material fact as to: (1) whether the alleged conduct by Pruitt and Robertson was severe or pervasive, (2) whether she found the alleged conduct to be unwelcome and subjectively offensive and (3) whether the City

Marshal knew about the alleged conduct. For each of these reasons, Whatley's sexual harassment claim, arising out of alleged conduct by Pruitt and Robertson, fails.

### III. Alleged Taser Incident

As explained in the City Marshal's Original Memorandum, Whatley's contention that an incident involving a taser contributed to a hostile work environment is without merit because there is no evidence showing the incident was based upon Whatley's membership in a protected class. (Doc. 27-1, p. 16). In her Opposition, Whatley has failed to meet her burden of showing the incident was based on gender. Instead, Whatley relies upon her own speculation – which is insufficient to meet her summary judgment burden.

### IV. Alleged Conduct by Supervisors

For the reasons set forth in the City Marshal's Original Memorandum, Whatley's hostile work environment claim, arising out of alleged conduct by Boeta and the City Marshal, fails because Whatley cannot show the alleged conduct was severe or pervasive, or unwelcome. In her Opposition, Whatley has entirely failed to address the City Marshal's arguments. Simply, there is no genuine dispute of material fact on Whatley's hostile work environment claim, relating to alleged conduct by Boeta and the City Marshal.

### V. Alleged Retaliation

As the City Marshal fully explains in his Original Memorandum, Whatley's retaliation claim fails because she cannot prove a prima facie case of retaliation. Most importantly, Whatley cannot show she suffered an adverse employment action, nor can she show a causal connection between engaging in protected activity and any adverse employment action. (Doc. 27-1, pp. 20-21). Moreover, even if Whatley could establish a prima facie case of retaliation, the City Marshal had legitimate, non-discriminatory reasons for the alleged conduct. (*Id.* at p. 21).

In her Opposition, Whatley argues the City Marshal transferred her to a different position because she reported harassment. (Doc. 44, pp. 27-28).

First, Whatley never makes such allegations in her Amended Complaint. Instead, in her Amended Complaint, Whatley claims the City Marshal retaliated against her by installing cameras in her office, limiting her movements and requiring her to account for her productivity. (Doc. 11, at ¶ 174). As fully set forth in the City Marshal's Original Memorandum, such alleged retaliatory conduct does not constitute an adverse employment action for purposes of a retaliation claim.[1] (Doc. 27-1, pp. 20-22). *Whatley cannot bring a new retaliation claim, based upon an alleged transfer, at this stage*.

Second, even if Whatley could now assert such a claim, it is without merit because Whatley still has set forth **no evidence** showing she reported harassment to the City Marshal, and was transferred because she made such a report.[2]

## VI.     Conclusion

For the reasons set forth in the City Marshal's Original Memorandum and herein, Whatley's Title VII claims should be dismissed, with prejudice.

---

[1] Moreover, Whatley has failed to show the City Marshal's legitimate, non-discriminatory reasons for such alleged conduct are pretextual.

[2] Whatley entirely ignores the evidence that clearly shows she was temporarily placed in a different position solely to accommodate her under the Americans with Disabilities Act. This issue is fully addressed by the City Marshal in a separate pending Motion for Partial Summary Judgment on Plaintiff's ADA claims. (Doc. 24-1).

Respectfully submitted,

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: *s/Steven M. Oxenhandler*
Steven M. Oxenhandler, T.A. (#28405)
Michael J. O'Shee (#10268)
Joshua J. Dara, Jr. (#35739)
Martha R. Crenshaw (#27420)
M. Allison Johnson (#35850)
P.O. Box 6118/2001 MacArthur Drive
Alexandria, LA 71307-6118
Telephone: (318) 445-6471/Facsimile: (318) 445-6476
**ATTORNEYS FOR DEFENDANT, ALEXANDRIA CITY MARSHAL JEROME HOPEWELL**